UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

PATRICIA K. FEDARKO, individually,

     Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.,
a foreign corporation,

     Defendant.

_____/

## COMPLAINT FOR VIOLATIONS OF 47 U.S.C. § 227 et seq., THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA") AND 15 U.S.C. § 1692 et seq., THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

1.    Plaintiff PATRICIA K. FEDARKO violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Plaintiff alleges that Defendant MIDLAND CREDIT MANAGEMENT, INC. incessantly and unlawfully placed calls to Plaintiff's cellular telephone in an attempt to collect an alleged debt belonging to someone other than Plaintiff.

## JURISDICTION AND VENUE

2.    This court has jurisdiction under 28 U.S.C. § 1331.  This court also has jurisdiction under 28 U.S.C. § 1332(a). There is diversity of

1

citizenship between the parties and more than $75,000 dollars in controversy, exclusive of interest and costs. Venue in this District is proper because Plaintiff resides here and Defendant does business and places phone calls into this District.

## **PARTIES**

3.      Plaintiff, PATRICIA K. FEDARKO ("Plaintiff"), is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida. Said Plaintiff, at all times relevant herein, was the account holder of, and exercised dominion and control over, the cellular telephone to which Defendant was calling.

4.      Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") is a foreign corporation, incorporated in Kansas and whose principal place of business is located in California; therefore, Defendant is a corporate "citizen" of both Kansas and California.

5.      Defendant regularly engages in interstate commerce, into the State of Florida, by using the mail and telephone in a business which collects upon defaulted consumer credit card debts, and then subsequently attempts to collect consumer debts using its telephonic capabilities.

6.     Defendant has registered its business as a Consumer Collection Agency in the State of Florida. "Consumer collection agency means any debt collector or business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts, which debt collector or business is not expressly exempted as set forth in s. 559.553(4)." Fla. Stat. § 559.55(7).

## FCC RULINGS AND OTHER LEGAL DECISIONS IMPACTING CLAIMS BROUGHT UNDER THE TELEPHONE CONSUMER PROTECTION ACT

7.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issued regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

3

8.      Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. *FCC Declaratory Ruling,* 23 F.C.C.R. at 565 (¶ 10).

9.      The FCC has opined that the ability to dial numbers without any human intervention in the calling process is the hallmark of an automatic telephone dialing system (i.e., auto-dialer). *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 2008,* CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

10.     With respect to whether a device is considered an "automatic telephone dialing system" for purposes of the TCPA, at least one Federal Court has specifically noted that "a system need not actually store, produce, or call randomly or sequentially generated numbers, it need only have the *capacity* to do it." *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946 (9th Cir. 2009) (emphasis added).

11.     Furthermore, the FCC has specifically ruled that a predictive dialer falls within the meaning and statutory definition of "automatic telephone dialing equipment" within the TCPA. *2003 TCPA Order,* 18 FCC Rcd 14092-3 at ¶ 133.

12.     Both the FCC and federal courts have held that as a matter of law a predictive dialer is a type of automatic telephone dialing system.  *See generally, Griffith v. Consumer Portfolio Serv., Inc.*, No. 10-c-2697 (N.D. Il. Aug. 16, 2011).

13.     The Hobbs Act does not vest federal district courts with subject matter jurisdiction to disregard FCC rulings.  *Leckler v. Cashcall, Inc.,* 2008 U.S. Dist. LEXIS 97439, *7-8 (N.D. Cal. 2008).

14.     The TCPA has a four year statute of limitations pursuant to 28 U.S.C. § 1658. *Stern v. Bluestone,* 2008 N.Y. App. Div. LEXIS (N.Y. App. Div. 1st Dep't., 2008).

## FACTUAL ALLEGATIONS

15.     The instant lawsuit stems from the telephonic collection efforts of Defendant over the last several months.  In sum, Defendant placed several hundred calls to Plaintiff's cellular telephone number, XXX-XXX-6412 (the

"6412 number").  During this period, Defendant sought to collect a debt from someone with a similar last name of Plaintiff.

16.    At all times relevant herein, Plaintiff was the registered subscriber of the 6412 number and maintained dominion and control over the said telephone.

17.    The unlawful calls to Plaintiff include were placed using a predictive dialer, or device which has the capacity to be used as an automatic telephone dialing system ("ATDS").

18.    On some occasions, Plaintiff would answer a call from Defendant but often, there was no one there to pick up their own telephone call.  On other occasions, Defendant would play a prerecorded message.

19.    Defendant has registered its telephony with the Public Utility Commission of Texas as an *Automatic Dial Announcing Device* ("ADAD").

20.    An ADAD is defined as: *[a]ny automated equipment used for telephone solicitation or collection that:  (A) is capable of storing numbers to be called, or has a random or sequential number generator capable of producing numbers to be called; and (B) alone or in conjunction with other equipment, can convey a prerecorded or synthesized voice message to the*

6

*number called without the use of a live operator.* Texas Administrative Code
§ 26.5(9).  35 TexReg 9871 (2010).

21.     On those occasions where a call placed by Defendant was
eventually transferred to a human operator, the operator would identify
himself or herself as a representative from "Midland Credit Management"
and would then demand information to speak with "Michael Fedarko."

22.     On multiple occasions, Plaintiff explained she did not know
"Michael Fedarko" and requested that Defendant stop calling her cell phone.

23.     Plaintiff maintains that in spite of her numerous attempts to
stop Defendant's constant barrage of telephone calls, Defendant persisted in
calling her several hundred times during the relevant time frame in an effort
to collect someone else's debt.

24.     Defendant made telephone calls to Plaintiff's cellular telephone,
which were initiated by an automatic telephone dialing system and/or
delivered by artificial/prerecorded voice.

25.     The aforesaid calls were "wrong calls" and thus made without
the prior express consent of the Plaintiff.

26.     Upon information and belief, prior to this action, Defendant has been sued for other violations of the TCPA and is aware of the existence of the Act since at least 2007.

27.     Despite its familiarity with the TCPA, Defendant either willfully or knowingly violated the TCPA in placing calls to the Plaintiff's cellular telephone.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

28.     Plaintiff incorporates paragraphs 1 through 27.

29.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system and/or prerecorded and/or artificial voice; therefore, they were not legally permissible under any provision of the aforementioned statute.

WHEREFORE, Plaintiff PATRICIA K. FEDARKO requests that the Court enter judgment in favor of Plaintiff and against Defendant MIDLAND CREDIT MANAGEMENT, LLC for:

a.     $500 dollars in statutory damages for each violation of the TCPA held not to be a knowing or willful violation;

8

b.      $1500 dollars in statutory damages for each violation of the TCPA held to be a knowing or willful violation;

c.      A permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone by use of an automatic telephone dialing system;

d.      A declaratory judgment that Defendant has violated Plaintiff's rights under the TCPA;

e.      Attorney's fees, litigation expenses and costs of the instant suit, and:

f.      Such other or further relief as the Court deems proper.

## COUNT II
## TELEPHONIC HARRASSMENT IN VIOLATION OF 15 U.S.C. § 1692d

30.      Plaintiff incorporates Paragraphs 1 through 27.

31.      Defendant called Plaintiff's cellular telephone using an auto-dialer and without the prior express consent of the Plaintiff.  These actions were in violation of the TCPA and further violated Plaintiff's rights pursuant to 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5).  *See Clark v. Weltman, Weinberg & Reis, Co.*, L.P.A., 2010 WL 2803975, at *2 (S.D. Fla. July 15,

2010) (stating that allegations which support a cause of action under the TCPA may also support a violation of the FDCPA).

WHEREFORE, Plaintiff PATRICIA K. FEDARKO requests that the Court enter judgment in favor of Plaintiff and against Defendant MIDLAND CREDIT MANAGEMENT, LLC for:

a.     Statutory Damages;

b.     Attorney's fees, litigation expenses and costs of suit; and

c.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: December 1, 2012.

Respectfully submitted,

SCOTT D. OWENS, ESQ.
*Attorney for Plaintiff*
664 E. Hallandale Beach Blvd.
Hallandale, FL 33009
Tel    954-589-0588
Fax    954-337-0666
scott@scottdowens.com

By:     */s/ Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar No. 0597651

10